IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| QUALITY PERFORATING INC., | : |
| | : |
| DEBTOR. | : CASE NO. 5-20-03561-PMM |

**DEBTOR'S ANSWER TO THE
UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS DEBTOR'S CHAPTER 11 CASE**

Debtor Quality Perforating, Inc., through its undersigned counsel, hereby responds to the United States Trustee's Motion to Dismiss as follows:

1. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required.

2. Admitted.

3. Admitted.

4. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited statute speaks for itself and any interpretation of it is denied.

5. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited statute speaks for itself and any interpretation of it is denied.

6. Denied. Strict proof of the averments are required at the time of trial.

7. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited statute speaks for itself and any interpretation of it is denied.

8. Admitted in part; denied in part. It is admitted that substantially all of the Debtor's assets were sold pursuant to Court Order. All other averments are denied. Strict proof of the averments are required at the time of trial. Further, the Debtor has been attempting to clarify and correct an issue with respect to the employee's former health care plan and the insurer's failure to pay post-petition claims.

9. Denied. Strict proof of the averments are required at the time of trial.

10. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited case speaks for itself and any interpretation of it is denied. Strict proof of the averments are required at the time of trial.

11. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited statute speaks for itself and any interpretation of it is denied.

12. Denied. The Debtor filed the MOR for April 2021 on or about June 30, 2021 at docket# 126. This was an oversight as the May MOR had already been filed prior at the time of the fling of the UST's Motion.

13. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited case speaks for itself and any interpretation of it is denied. Strict proof of the averments are required at the time of trial.

14. Denied. All MORs have been filed. The averments contained in this paragraph contain conclusions of law, to which a response is not required. Strict proof of the averments are required at the time of trial.

15. Denied. The averments contained in this paragraph contain conclusions of law, to which a response is not required. By way of further response, the cited case speaks for itself and any interpretation of it is denied.

16. Denied. Strict proof of the averments are required at the time of trial. By way of further response, there has been no allegations from the UST or any creditor of any need to appoint a trustee and the creditors, including sophisticated secured creditors have not sought for the conversion or dismissal. Accordingly, the Debtor believes that conversion or dismissal is not in the creditors' best interest.

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court enter an Order denying the Relief requested by the US Trustee and for such other and further relief is just and appropriate.

Respectfully submitted,

**CONWAY LAW OFFICES, P. C.**

/s/ Mark J. Conway
MARK J. CONWAY (ID #59114)
502 S. Blakely Street
Dunmore, PA 18512
Phone (570) 343-5350
Fax (570) 343-5377

Attorney for Debtor
Quality Perforating, Inc.

DATED: July 21, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| QUALITY PERFORATING INC., | : |
| | : |
| DEBTOR. | : CASE NO. 5-20-03561-PMM |

## CERTIFICATE OF SERVICE

I, Amy L. Marta, Paralegal hereby certify that I caused a true and correct copy of the foregoing Answer to the United States Trustee's Motion to Dismiss to be served via first class United States mail, postage prepaid and/or via e-mail:

United States Trustee's Office
228 Walnut Street, Ste. 1190
Harrisburg, PA 17101
ustpregion03.ha.ecf@usdoj.gov

**CONWAY LAW OFFICES, P.C.**

/s/ Amy L. Marta
Amy L. Marta, Paralegal
502 S. Blakely Street
Dunmore, PA 18512
Phone (570) 343-5350
Fax (570) 343-5377

DATED: July 21, 2021